UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMY LANCE ROYAL,

    Plaintiff,

    v.

WASHINGTON CORRECTIONS CENTER *et al*.,

    Defendants.

Case No. C08-5079RJB/JKA

ORDER TO SHOW CAUSE

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis*. Review of plaintiff's proposed complaint discloses a number of defects, some of which could be cured but one of which does not appear to be curable.

    Plaintiff names only branches of state government and not persons as defendants. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986). The state, its

ORDER

agencies, or its employees in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58 (1989). This defect could be cured by amendment. The other defect discussed below does not appear to the court to be curable.

Plaintiff states in the complaint he did not file any grievance regarding the medical treatment that is at issue in this action (Dkt. # 1). The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

The court now **ORDERS PLAINTIFF TO SHOW CAUSE** why this action should not be dismissed prior to service. Plaintiff should show cause why this action should not be dismissed for failure to exhaust administrative remedies on or before **April 11, 2008.** The Clerk is directed to send plaintiff a copy of this to plaintiff and note the **April 11, 2008,** due date on the court's calendar.

DATED this 11, day of March, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER