UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEREMY LANCE ROYAL,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON CORRECTIONS CENTER *et al.*,<br><br>    Defendants. | Case No.  C08-5079RJB/JKA<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**May 9, 2008** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  When plaintiff was granted *in forma pauperis* status the court screened this complaint pursuant to 28 U.S.C. 1915 (e). On March 11, 2008, the court entered an Order to Show Cause why this action should not be dismissed for failure to exhaust administrative remedies (Dkt. #7).  Plaintiff has not responded and instead filed an amended complaint (Dkt. # 9).

## FACTS

In the original complaint, (Dkt. # 6), plaintiff alleged he did not receive proper medical treatment for a knee injury.  Further, he alleged that when he did receive knee surgery, he did not receive proper followup care (Dkt # 6).  Plaintiff admitted he did not file any grievances regarding the medical care he

REPORT AND RECOMMENDATION
Page - 1

received (Dkt # 6, page 2).

The court entered the Order to Show Cause and plaintiff has since filed an amended complaint (Dkt. # 9). In the amended complaint plaintiff again alleges medical care was inadequate for his knee injury and surgery (Dkt # 9). The amended complaint does not mention the fact that plaintiff did not file a grievance.

## DISCUSSION

A.   <u>Failure to exhaust administrative remedies</u>.

Plaintiff states that he did not file a grievance. (Dkt. # 6, page 2). The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter v. Nussle</u>, 534 U.S. 516 (2002) (quoting <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)). The <u>Porter</u> Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." <u>Porter</u>, 534 U.S. at 520.

Plaintiff has attempted to bypass the exhaustion requirement. The court is not aware of any authority that allows for such action. This action should be **DISMISSED WITHOUT PREJUDICE.**

## CONCLUSION

This action should be **DISMISSED WITHOUT PREJUDICE** for the reasons stated above. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure

to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 9, 2008, as noted in the caption.

DATED this 16 day of April, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3